UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 22-20464 |
| Plaintiff, | F. Kay Behm |
| v. | United States District Judge |
| MARQUISE COLEMAN, | Curtis Ivy, Jr. |
| | United States Magistrate Judge |
| Defendant. | |
| _____ / | |

**ORDER DENYING DEFENDANT'S MOTION TO
COMPEL SPECIFIED DOCUMENTS (ECF No. 59)**

This case is before the court on Defendant Marquise Coleman's pro se "motion to compel specified Defendants discovery at the Government's expense pursuant [to] § 2250 and 753." (ECF No. 59). On October 3, 2023, Defendant pleaded guilty to one count of carrying a firearm during and in relation to a drug trafficking crime, pursuant to 18 U.S.C. § 924(c)(1)(A), and one count of possession with intent to distribute cocaine base or methamphetamine, in violation of 21 U.S.C. § 841(a)(1). (*See* ECF No. 49, Rule 11 Plea Agreement). On February 6, 2024, Defendant was sentenced to 60 months imprisonment as to the firearm charge and 12 months imprisonment as to the drug charge, to be served consecutively, followed by a three-year term of supervised release. (*See* ECF No. 56, Judgment).

On July 25, 2024, Defendant filed the present pro se motion seeking a court order directing the Clerk of Court to furnish a copy of the following documents:

1. Sentencing Transcripts
2. Docket Entry Sheet
3. Sentencing Transcripts (def and gov)
4. Plea Agreement

(ECF No. 59, PageID.424).  Defendant argues these documents "are needed for further proceedings" and cites both 28 U.S.C. § 753(f) and 28 U.S.C. § 2250 in support.  These two statutes generally "define the government's responsibility to provide transcripts or other court documents to inmates in connection with habeas proceedings." *United States v. Clark*, No. CRIM.A 6:07-13-DCR, 2010 WL 342547, at *1 (E.D. Ky. Jan 29, 2010).  Specifically, 28 U.S.C. § 753(f) deals with the procedures for furnishing transcripts to persons proceeding under the Criminal Justice Act (18 U.S.C. § 3006A) or in habeas corpus proceedings, including motions brought under 28 U.S.C. § 2255.  28 U.S.C. § 753(f).  Section § 2250 states:

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

2

28 U.S.C. § 2250.  To be entitled to request documents under these sections, a defendant must have a **currently pending** § 2255 application.  *See United States v. Jones*, No. CR 16-20014, 2020 WL 6335996, at *1 (E.D. Mich. Oct. 29, 2020) ("Defendant is not entitled to the relief requested because there is **no petition pending** before this Court and the Court is not required to provide Defendant with transcripts so that he might search for new post-conviction claims.") (emphasis added) (collecting cases); *United States v. Mosher*, No. 1:07-CR-67, 2010 WL 565154, at *1 (W.D. Mich. Feb. 11, 2010) ("Defendant has **no pending § 2255 petition**, which is required by the statute and is a sufficient reason to deny the request.") (emphasis added) (collecting cases).

Defendant filed this motion on the docket in his criminal case, which was administratively closed following his sentencing and the entry of judgment on February 8, 2024.  (*See* ECF No. 56).  It does not appear Defendant has since filed a separate § 2255 motion with this court.  Even if Defendant were to have a § 2255 application pending, "any subsequent motion for court documents would have to include a 'showing of need,'" which Defendant does not directly address in his motion.  *Clark*, 2010 WL 342547, at *1 (collecting cases).  For these reasons, the court cannot grant Defendant's request, and his motion is **DENIED.**

**SO ORDERED**.

Date: July 24, 2024 s/F. Kay Behm
F. Kay Behm
United States District Judge

4